DELONG, APPELLEE, *v.*
STARK COUNTY DEPARTMENT OF
HUMAN SERVICES, APPELLANT.

DAY, APPELLANT, *v.* DAY, APPELLEE.

(Nos. CA-6873 and -6916—Decided November 10, 1986.)

*Ken Cummings,* for appellee Raymond DeLong, Jr.

*Robert D. Horowitz,* prosecuting attorney, for appellants Stark County Department of Human Services and Patricia Ann Day.

*Ron Tamborino,* for appellee Dennis Day.

PUTMAN, P.J. This case is a consolidation of two cases decided by the Stark County Court of Common Pleas, Family Court Division. The facts of each case are the following:

### DeLong — Case No. 6873

On September 18, 1985, the Stark County Department of Human Services filed a motion to intervene and a motion to increase child support. The referee granted the motion to intervene; however, since the referee found no substantial change of circumstances, he overruled the motion to increase support.

Appellee, Raymond DeLong, Jr., filed an objection to the referee's report, claiming that the state of Ohio had no authority to intervene. The trial court, after a hearing, held that the state of Ohio did not have the authority to bring a motion to increase child support, and it vacated the referee's report.

### Day — Case No. 6916

The Stark County Prosecutor's office allegedly acting as the attorney for plaintiff-appellant Patricia Day filed on September 23, 1986 a motion to in-

crease child support and a motion for wage attachment. At the motion hearing, the referee overruled both motions, concluding that the state of Ohio did not have the authority to petition for an increase in support.

Appellant filed an objection to the referee's report alleging that the report contravened federal statutes, the Ohio Administrative Rules, and the Ohio Public Assistance Manual. The trial court, however, found no abuse of discretion or mistake of law, and upheld the referee's report. The trial court reasoned:

"* * * the Stark County Department of Human Services is not a party to this action by Judgment Entry[;] that [Department has] no authority to intervene for the purposes of modification * * *."

Appellants in the respective cases filed notices of appeal, and the cases were consolidated for appellate decision. The real appellant in both cases, the state of Ohio, raises the following assignments of error:

### Assignment of Error No. I

"It was an error of law for the trial court to dismiss appellant's motions to increase support because this activity is specifically permitted by federal, state and local laws and regulations of the IV-D Program."

### Assignment of Error No. II

"It was an error of law for the trial court to dismiss appellant's motions to increase support because doing so was an attempt by the trial court to regulate an attorney's right to practice law in that court."

### Assignment of Error No. III

"It was an error for the trial court to dismiss appellant's motions to increase support because doing so effectively prevented the clients-appellants from obtaining an increase."

We address each assignment of error accordingly.

## I

The state's first assignment of error alleges that federal, state and local laws and regulations permit the state of Ohio to petition the trial court for an increase in child support payments.

The state relies on a panoply of laws and regulations for its proposition that the state of Ohio has the authority to petition on its own for increased child support. See, e.g., Section 301, Title 42, U.S. Code, originally enacted as Section 1, Title I of the Social Security Act (1935), 49 Stat. 620; Section 302.50(b), Title 45, C.F.R. (1985); R.C. 5101.31.

Our examination of these laws and regulations leads us to the conclusion that neither federal nor state law supports the state's position. As indicated by the trial court in DeLong, the legislative history of these laws indicates that the state, through the prosecutor's office and the Department of Human Services, is to enforce support orders for children and to initiate support orders where none exists. The state's alleged authority to intervene to petition for increased support payments is nowhere specifically spelled out in the law.

For example:

"* * * The office [of child support and fraud] shall establish and administer a program of child support *enforcement* * * *." (Emphasis added.) R.C. 5101.31(A).

"For all cases referred to the IV-D agency * * *, the IV-D Agency must:

"* * *

"(b) Utilize appropriate State statutes and legal processes in *establishing* the support obligation pursuant to §302.50 of this chapter.

"(c) Review the support obligation periodically and whenever the IV-D agency becomes aware of changes in the factors which determine the amount of the support obligation." (Emphasis added.) Section 303.4, Title 45, C.F.R.

The state relies heavily upon the Ohio Public Assistance Manual, Chapter 8000, in support of its proposition. The sections do refer to the Title IV-D agency's obligations. The trial court's ruling on this reliance focused upon the difference in the meaning of "amend" and "modification." The Manual provides:

"The non-ADC recipient may choose to apply for 'full service' or 'location only.' * * *

"The full-service application shall include: * * * modification of a court order. * * *" Ohio Public Assistance Manual, Section 8110.2.

In addition, the Manual defines a "Title IV-D case" as one which involves, *inter alia,* the following activity:

"Effort to establish the obligation of support or to modify an existing obligation." Ohio Public Assistance Manual, Section 8112(3).

We find the trial court's distinction between "amend" and "modify" was not error as a matter of law. The trial court ruled:

"The term 'amend' is used to change an existing order or pleading based upon evidence or knowledge that was known or should have been known at the time of the original order or pleading.

"The term 'modification' is a term used to denote a change based upon new evidence and results in a change of substance or essence."

Contrary to appellant's assertion, the writers of the Ohio Public Assistance Manual recognized the difference in the definitions when they substituted the word "modified" for the word "amend" in the Manual on December 12, 1985.

Finally, we acknowledge everyone's interest, including the state's, in ensuring that the children of divorced parents receive adequate financial support. There are, however, existing mechanisms presently in place which allow for child support payments to be modified or increased as circumstances change. For instance, the parents themselves, whether custodial or non-custodial, can petition the court for such a modification. To allow the prosecutor's nose to protrude further under the tent of domestic relations law is to adopt the state's proposed "Big Brother" attitude toward families in our society. We find the state's interest in such cases especially excessive when the custodial parent does not seek modification of child support. We see no urgent need in such cases to allow the state to expand its already pervasive influence into our private lives.

We overrule the first assignment of error.

## II

The state argues by its second assignment of error that the trial court acted improperly by regulating the attorney's right to practice law in that court when it did not permit the state to intervene.

The assignment of error is without merit. First, intervention is not an unqualified right. See Civ. R. 24. Second, attorneys are restricted as to whom they can represent. Ethical considerations such as conflicts of interest constrict an attorney's choice of clients. Third, the state is statutorily restricted from becoming a party in many actions. This important point distinguishes the instant case from those cited by the state for authority. See *Jacobs* v. *Board of School Commrs.* (S.D. Ind. 1972), 349 F. Supp. 605 (legal services organization attorney); *Mayfield* v. *District Court* (Colo. 1973), 511 P. 2d 490 (same); *State, ex rel. T.J.M.,* v. *Carlton* (Fla. App. 1975), 314 So. 2d 593 (same).

The trial court did not regulate the practice of law by not allowing the state of Ohio to intervene as a party to seek an increase in child support payments.

We overrule the second assignment of error.

### III

The state argues by its third assignment of error that the trial court prevented the custodial parent from obtaining an increase in child support because it did not allow the state to intervene.

The trial court has continuing jurisdiction in a divorce case to increase or decrease child support payments upon the petition of either party. See 48 Ohio Jurisprudence 3d (1983), Family Law, Section 1179. The custodial parent in the instant case can petition the court for such a modification of child support. The state's intervention and oversight of this matter is not needed to effectuate such a modification.

We overrule the third assignment of error.

Having overruled all three assignments of error, we affirm the judgments of the Court of Common Pleas of Stark County, Family Court Division.

*Judgments affirmed.*

MILLIGAN and HOFFMAN, JJ., concur.