[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 1202.]

MEIJER REALTY COMPANY, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF
REVISION ET AL., APPELLEES.

THRIFTY FINDLAY, INC., APPELLANT, *v.* FRANKLIN COUNTY BOARD OF
REVISION ET AL., APPELLEES.

THRIFTY FINDLAY, INC., APPELLANT, *v.* FRANKLIN COUNTY BOARD OF
REVISION ET AL., APPELLEES.

MEIJER REALTY COMPANY, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF
REVISION ET AL., APPELLEES.

[Cite as *Meijer Realty Co. v. Franklin Cty. Bd. of Revision*, 1995-Ohio-211.]

*Taxation—Valuation of real property—Appeal to Board of Tax Appeals—*
*Discovery orders issued by board are interlocutory and are neither final*
*nor appealable orders.*

(Nos. 94-751, 94-790, 94-791 and 94-888—Submitted May 24, 1995—Decided
August 2, 1995.)

APPEALS from the Board of Tax Appeals, Nos. 93-R-1047, 93-M-1050, 93-H-105
and 93-A-1046.

————————————

{¶ 1} Pursuant to an entry of this court these four cases have been
consolidated. Each of these four cases concerns the valuation of multiple parcels
of real estate, located in Franklin County, Ohio, which are occupied by a Meijer
store. In two of the cases (Nos. 94-790 and 94-791) the real estate is owned by
Thrifty Findlay, Inc.; in the other two cases (Nos. 94-751 and 94-888), the real
estate is owned by Meijer Realty Company (hereinafter the property owners will
be referred to collectively as "Meijer"). These cases began when Meijer filed
complaints with the Franklin County Board of Revision ("BOR"), seeking a
reduction in real-estate valuation, and the local school boards counterfiled, seeking

an increase. In all four complaints Meijer stated as one of the reasons justifying a decrease in taxable value: "[e]conomic valuation based on gross or net income." In two of the cases ( Nos. 94-790 and 94-791), the BOR requested that Meijer furnish certain additional information, but such information was not forthcoming. Meijer's failure to furnish the information requested by the BOR resulted in those two complaints being dismissed; the other two complaints were decided by the BOR.

{¶ 2} All four cases were appealed to the Board of Tax Appeals ("BTA"). In each case the Franklin County Auditor filed two requests for discovery. The auditor's first request for discovery, while resisted in some cases, apparently was complied with by Meijer. However, the auditor's second request for discovery, which primarily requested information relating to income, expenses and gross sales, was not complied with by Meijer. The auditor filed a motion to compel discovery, and Meijer filed a memorandum contra; however, Meijer did not file a request for a hearing on the motion to compel, nor did it file for a protective order. The BTA issued orders granting the auditor's motions to compel and Meijer filed claimed appeals as of right with this court. The county auditor and board of revision and school boards combined to file motions to dismiss, stating that the order of the BTA in each case was "a routine discovery 'order,' " and not appealable. The motions to dismiss were denied by this court on August 3, 1994, except for the motion in case No. 94-888, which was denied on August 10, 1994.

{¶ 3} Subsequent to this court's denial of the motions to dismiss, on September 7, 1994, the court decided *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. In paragraph seven of the syllabus in *Steckman*, we overruled *Humphrey v. Riverside Methodist Hosp.* (1986], 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, and *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865. We held that "[d]iscovery orders are interlocutory and, as such, are neither final nor appealable." Based upon our decision in *Steckman*, the discovery orders issued by the BTA herein are

interlocutory, and as such,  are neither final nor appealable orders. Therefore, we vacate, *sua sponte*, our prior entries in these cases and hereby  grant appellees' motions to dismiss, and remand the cases to the BTA for further proceedings.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————