OPINION
Appellant, Clermont County Department of Human Services, Division of Child Support Enforcement, appeals a decision of the Clermont County Court of Common Pleas, Division of Domestic Relations. The domestic relations court dismissed a motion filed by appellant seeking an order directing appellee, Nancy McKinney, to pay child support. We affirm.
Appellee and Gary McKinney were divorced by decree filed on February 28, 1986. Appellee was granted custody of the parties' four children: Cara, born on March 30, 1971, Deana, born on April 17, 1973, Nathan, born on December 4, 1977, and Eva, born on February 14, 1980. Gary McKinney was ordered to pay child support amounting to $20 per week plus poundage.
On April 23, 1992, Gary McKinney filed a motion for modification of parental rights and responsibilities. Subsequently, appellee and Gary McKinney entered into a shared parenting agreement which was approved by the court on May 12, 1992. The agreement involved parental rights concerning Nathan. The agreement states:
 No child support order shall issue to either party as same would be inappropriate to the minor child and the parents, and would not be in the best interest of the minor child. [Appellee] is presently the physical custodian of a minor child [Eva] of the parties' not subject to this plan and each party shall be responsible for the support of the minor child residing with them.
The report of the referee, dated on May 12, 1992, states:
 Parties agreed to shared plan. Terminate def-father's duty of support for Eva Dawn McKinney effective 3/15/1992. Terminate def-father's duty of support for Nathan effective 3/15/1992.
Beginning on April 20, 1994, Gary McKinney began receiving Aid for Dependent Children ("ADC") benefits for Nathan. Appellant made a motion to intervene and establish child support for Nathan on August 18, 1994. Appellant claimed that appellee owed child support because Gary McKinney was receiving ADC benefits for Nathan. A referee held that appellant had no standing to request the establishment of child support and dismissed appellant's motion on November 21, 1994.
Appellant filed a motion to intervene and establish child support for Nathan and Eva on December 1, 1994. Appellant claimed that Gary McKinney was receiving ADC benefits for Nathan and Eva, and that appellee should be ordered to pay child support. Appellant also asked the court to designate Gary McKinney as residential parent of Nathan. Appellee argued that appellant had no standing to intervene.
A referee's report filed on January 20, 1995 reads as follows:
 Motion is to intervene filed 12/1/94. Motion also asked that child support be established. [Gary McKinney] is on ADC. His right of child support assigned to the state. [Appellee] has custody of one child. Based on parties shared parenting plan, [Gary McKinney] designated as residential parent of other child. Current order is zero. Based on the attached worksheet, recommend child support of $332.00 monthly; $153.23 per pay period, $76.62 a week effective 2/3/95 through plus poundage by wage assignment.
Appellee filed objections to the report of the referee on February 2, 1995. The domestic relations court issued a decision on the objections on April 7, 1995. The court sustained appellee's objection to appellant's motion to intervene, and held that appellant was not a party in the action. The court stated that the motion concerned Nathan only and made the following ruling:
 [t]he grounds set forth by [appellant] for intervention are Section 3113.215 of the Revised Code (Calculation of amount of child support obligation), the fact that [Gary McKinney] is receiving ADC and that [Gary McKinney] has assigned his rights to any support to [the Clermont County Department of Human Services]. These grounds do not convince the Court that [appellant] has a right to intervene or should be allowed to intervene by leave of Court. [Appellant] has failed to prove grounds for intervention by right or by leave of Court under Civil Rule 24. Additionally, [appellant] has failed to meet the procedural requirements of Civil Rule 24(C) wherefore [appellee's] first objection is sustained and motion to intervene is dismissed.
On May 3, 1996, appellant filed a motion to order appellee to pay child support for Eva. Appellant argued that Gary McKinney began receiving public assistance for Eva effective April 1, 1996, and that Eva was residing with Gary McKinney. Appellant argued that even though appellee was considered the residential parent, because Eva was living with Gary McKinney, who was receiving ADC benefits, the court should compel appellee to pay child support.
Appellee filed a motion to dismiss appellant's motion to establish child support on August 23, 1996 arguing that appellant had failed to file a motion to intervene under Civ.R. 24. Appellee also argued that the motion should be dismissed because of res judicata, claiming that the issue of intervention had already been decided by the court. Appellant argued that it did not have to file a motion to intervene because Gary McKinney had assigned his rights to appellant through accepting ADC and R.C.5107.07(A). Appellant also argued that res judicata did not apply because the motion was for a prospective award of child support.
A magistrate denied appellee's motion to dismiss on September 23, 1996. The magistrate denied the motion to establish child support for Eva on November 15, 1996, holding that "[appellant] has given the Court no good reason to order child support in this case. * * * [T]he Court is not willing to grant [appellant's] Motion to Establish Support for the reason that Gary McKinney is not the residential parent."
Appellant objected to the magistrate's decision on November 26, 1996. The trial court overruled appellant's objection on December 20, 1996. The court held that the assignment of Gary McKinney's rights pursuant to R.C. 5107.07(A) was made to the Clermont County Department of Human Services, and not to appellant.[1]
The court also found that appellant had failed to establish that Gary McKinney, as the nonresidential parent, has a right to child support from appellee. The trial court found that Gary McKinney "has had in excess of one year to file a motion to modify the residential parent designation."
Appellant presents one assignment of error, and argues that the trial court erred in refusing to order appellee to pay child support for Eva. Appellant argues that (1) it has standing to seek an order for appellee to pay child support, and (2) a financially able parent who has legal custody of a child should be ordered to contribute to the support of the child when the child is residing with the other parent who is receiving public assistance on the child's behalf.
We will address the second argument, wherein appellant essentially contends that the trial court should have created a child support order directing appellee to pay child support based solely on the fact that Gary McKinney is receiving ADC benefits. We do not agree.
The purpose of the child support system in Ohio is to protect the child and his or her best interests. Richardson v. Ballard (Aug. 19, 1996), Butler App. No. CA95-02-032, unreported, at 4. The Ohio Legislature has given courts many responsibilities involving the interests of children. In domestic relations matters, courts are empowered to allocate parental rights and responsibilities in proceedings pertaining to the minor children of a marriage. R.C. 3109.04(A). When determining whether there should be a modification of a prior order allocating the parental rights and responsibilities for the care of children, the court must consider the best interest of the children. R.C.3109.04(B)(1).
We unequivocally emphasize at this time that an order of child support, and the allocation of the amount of child support, is fully within the jurisdiction of the court, and is not a determination to be made by appellant. We find no statutory or case law that permits appellant to request that the court create a new child support order simply for the reason that "because someone is being paid ADC, someone else should have to pay child support." If Gary McKinney desires to be paid child support and/or change his parental rights and responsibilities, he must comply with the requirements of R.C. 3109.04(E).
We do recognize that recipients of ADC benefits assign to a department of human services the right to child support to which they may be entitled as a condition for receiving benefits pursuant to R.C. 5107.07(A). But a department of human services (and therefore appellant as a division of a department of human services) only has authority to commence an action on behalf of the state to obtain support actually paid by a department of human services. Lamier v. Lamier (1995), 105 Ohio App.3d 797,801. We also recognize that appellant may bring an action to obtain a judgment for unpaid child support. R.C. 3113.210. However, in the present case appellant is not seeking to accomplish either of the above legitimate actions.
Accordingly, we overrule appellant's assignment of error.[2]
The domestic relations court properly concluded that appellant failed to establish that Gary McKinney, as a nonresidential parent, has a "right" to support from appellee simply because he received ADC.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Appellant is a division of the Clermont County Department of Human Services.
[2] Although we do not reach the issue, we question whether appellant has standing to file a complaint to establish child support outside the provisions of R.C. 3111.20. See Starr v. Starr (1996), 109 Ohio App.3d 116, 120.