Plaintiff-appellant, Amy Sue Bowley, appeals a decision by the Warren County Court of Common Pleas, Division of Domestic Relations. We reverse the trial court's decision and remand the matter for further proceedings.
Appellant and defendant-appellee, Michael David Bowley, were married on August 18, 1984. The parties had four children during their marriage. Appellant filed a complaint for divorce on January 23, 1997, alleging that the parties were incompatible. On November 19, 1997, a "Judgment Entry and Decree of Divorce" was entered by the trial court. Incorporated into the divorce decree was a shared parenting agreement with terms relating to child support. On the issue of child support obligations, the decree, pursuant to the agreement, contains the following provisions:
 [Appellee's] child support obligation has been calculated according to the schedule, and there is no deviation from it. However, in light of the parties' incomes and the amount of time [appellee] will be spending with the children, the Court has approved a different method that the entire child support shall be paid.
 [Appellee's] child support obligation is $996.67 per month, which comes out to $230.00 per week. A majority of this support will be paid through the Warren County CSEA, while the remaining $50.00 per week shall be deposited into an account also controlled by [appellant], and the money there can be utilized by either parent on necessities for any of the children. The account will be at Mid First Credit Union at 1201 Crawford Street, Middletown, Ohio. This method will remain in place unless and until it is determined that the conduct of the parents makes it unworkable.
Appellant appeals the divorce decree and presents one assignment of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN CREATING AN ACCOUNT FOR THE PAYMENT OF CHILD SUPPORT RATHER THAN ORDERING THE PAYMENT OF SUPPORT THROUGH THE COUNTY CHILD SUPPORT ENFORCEMENT AGENCY AS REQUIRED BY OHIO LAW.
Appellant argues that the trial court had no authority to require appellee to pay child support to a bank account instead of through the county child support enforcement agency. We agree.
R.C. 2301.36(A) states:
 Upon issuing or modifying a support order, issuing any withholding or deduction notice described in division (D) of section 3113.21
of the Revised Code, or issuing a court order described in division (D)(3) or (4) of that section, the court shall require that support payments be made to the division of child support in the department of human services as trustee for remittance to the person entitled to receive payments, except as otherwise provides in division (H) of section 2301.35 or sections 2151.49 and 3113.07 of the Revised Code.
"R.C. 2301.36(A) now provides that all support payments must be processed through the child enforcement agencies." Granzow v. Bureau of Support of Montgomery Cty. (1990), 54 Ohio St.3d 35,36. A trial court has no authority to approve child support payments contrary to the provisions of R.C. 2301.36(A), because if such was allowed, it would effectively "freeze [the child support enforcement agency] out of its enforcement capacity." Starr v. Starr (1996), 109 Ohio App.3d 116, 121. "[C]hild support payments must be made to the child support enforcement agency rather than a bank to be considered a support payment." Parsons v. Parsons (Aug. 15, 1997), Jackson App. No. 96CA791, unreported, at 6-7.
In the present case, the trial court ordered appellee to pay $50 per week into a bank account "controlled by [appellant], and the money there can be utilized by either parent on necessities for any of the children." We find that the trial court erred in adopting this provision because such a provision is contrary to the requirements of R.C. 2301.36(A).
Appellee argues in his brief that appellant cannot object to the disputed provision in the shared parenting decree because appellee waived her objection by agreeing to the shared parenting decree at the trial court level. However, parties cannot voluntarily deviate from the requirements of R.C. 2301.36(A) and agree to an arrangement that does not require support payments to be made through the county child support enforcement agency. See Starr, 109 Ohio App.3d at 119, 121.
Accordingly, we sustain appellant's assignment of error. We reverse the trial court's decision and remand the matter to the trial court for further proceedings that are consistent with this opinion.
Judgment reversed and remanded.
POWELL, P.J., and KOEHLER, J., concur.