DECISION AND JUDGMENT ENTRY
On February 7, 2002, this court issued a judgment entry ordering appellants, the Ottawa County Board of Revision and the Ottawa County Auditor, to file a memorandum in support of jurisdiction. Appellants were ordered to demonstrate why this appeal from an order denying a motion to quash a subpoena should not be dismissed as being taken from a non-final appealable order. Appellee, Carl Coates, was advised of his right to file a responsive memorandum if he chose to do so. Appellants filed their memorandum in support of jurisdiction. Appellee has not filed a responsive pleading.
 Background Information
The Ottawa County Board of Revision set the taxable value of Carl Coates' modular home at $39,480. Coates disagreed with that value and filed a notice of appeal with the Board of Tax Appeals ("BTA"). That appeal is still pending. Coates filed a subpoena with the BTA commanding James R. Snider, Ottawa County Auditor, to appear and give testimony at the hearing on Coates' appeal. Snider filed a motion to quash the subpoena because his testimony is "legally irrelevant" and because certain Ohio statutes "create a privilege which prevents the County Auditor from being dragged down to Columbus by a BTA subpoena." In response to the motion to quash, the BTA issued an order modifying the subpoena. This October 17, 2001 order states, in pertinent part,
 "We have no doubt that a significant burden would be placed upon a busy public official if we require the auditor to travel to Columbus, Ohio for our merit hearing to explain the manner and procedure by which the subject property was valued. And in the particular factual circumstances presented it appears the information sought can be acquired in a less invasive manner. We would observe that Civ.R. 30(B)(6) provides within a discovery context that `the court may upon motion order that a deposition be taken by telephone.' This is a useful, though less burdensome, way to obtain the desired testimony. A deposition is taken under oath. And it may be filed for our review as testimonial evidence. We, therefore, offer the auditor the opportunity to make himself available for a telephone deposition in lieu of an appearance at our merit hearing, provided that his office shall be responsible for court reporter and transcription costs and he shall bear responsibility for the prompt transcription and filing of the transcript. The auditor shall notify us in writing (with a copy to Mr. Coates) on or before October 26, 2001 if he desires to accept this modification. * * * Should the auditor elect not to follow this procedure, the subpoena will continue in full force and effect as originally issued." (Footnote omitted.)
It is from this order that the Ottawa County Board of Revision and the Ottawa County Auditor have appealed.
Appellate Jurisdiction
For this court to have jurisdiction over this appeal, the order must be final and appealable. Section 3(B)(2), Article IV Ohio Constitution and R.C. 2505.03. R.C. 2505.02 defines "final order" and states:
"2505.02 Final order.
"(A) As used in this section:
 "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
Generally, a ruling by the BTA on a discovery motion is not final and appealable. Meijer Realty Co. v. Franklin Cty. Bd. of Revision (1995),73 Ohio St.3d 1202. Appellants contend that the October 17, 2001 order denying the motion to quash a subpoena in this case is substantively different from a ruling on a generic "discovery motion" and requires a different result. Specifically, they state that the order denying the motion to quash either affects a substantial right made in a special proceeding pursuant to R.C. 2505.02(B)(2) or is a provisional remedy which is appealable pursuant to R.C. 2505.02(B)(4).
We find that the October 17, 2001 order denying the motion to quash a subpoena is a provisional remedy, i.e., a remedy "ancillary to an action" pursuant to R.C. 2505.02(A)(3). An order granting or denying a provisional remedy is appealable if it 1) determines the entire provisional remedy question, and 2) if the appealing party would be unable to obtain "a meaningful or effective remedy" through an appeal following the conclusion of the entire case. R.C. 2505.02(B)(4). The order determines the motion to quash by denying it, thus the first test is met. As to the second test, appellants state that the Ottawa County Auditor "could not protect any of his statutory rights by waiting to take an appeal from the BTA's eventual order that determined the true value of the property. * * * Thus, the practical effect of the BTA's order cannot be repaired by any subsequent appeal" since the auditor would have either already complied with the subpoena, and the issue would be moot, or he would have refused to comply with the subpoena and have been held in contempt[1].
We agree and find that if the Ottawa County Auditor must wait to appeal the denial of his motion to quash the subpoena until after the final decision by the Board of Tax Appeals, he would not be afforded a meaningful or effective remedy. Thus, the October 17, 2001 order of the trial court is final and appealable pursuant to R.C. 2505.02(B)(4) and this court has jurisdiction to entertain this appeal.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.
[1] Appellants concede that an appeal could be taken from an order holding the auditor in contempt, but they state that "public officials in Ohio should not be required to expose themselves to the hazards of a contempt order in order to obtain a determination of their * * * rights." We agree.