OPINION
{¶ 1} On September 23, 2002, Bernice Wise filed a medical malpractice complaint against several defendants, including appellant, Samaritan Regional Health System. Ms. Wise claimed while at appellant's facility, Dr. G. Samuel Cavalier accidentally injected Hypaque dye into her lumbar spine causing muscle spasms, paralysis, incontinence and pain. On or about October 4, 2003, Ms. Wise passed away. Substituted in place of Ms. Wise was appellee, Brenda Buffmyer, Administrator of the Estate of Bernice Wise.
 {¶ 2} On October 9, 2003, appellee filed subpoenas to depose appellant's attorney, Robert A. Warner, and appellant's Risk Manager, Nancy Smith, regarding their knowledge of the manner of Ms. Wise's death. On October 15, 2003, appellant filed a motion to quash the subpoenas, claiming attorney/client privilege. By judgment entry filed November 13, 2003, the trial court denied the motion, finding appellee was entitled to conduct further discovery.
 {¶ 3} Appellant filed a motion to reconsider on November 24, 2003. By judgment entry filed December 4, 2003, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in denying Samaritan's motion to quash subpoena."
 I {¶ 6} In order to review the appeal sub judice, it is necessary to revisit the motion to dismiss filed by appellee on December 26, 2003. Said motion argued the discovery order was interlocutory and therefore not a final appealable order pursuant to R.C. 2505.02(A) and (B)(4). We denied the motion on February 5, 2004 "at the present time."
 {¶ 7} In order for an interlocutory order to qualify as a final appealable order, the order must satisfy R.C. 2505.02(B)(4) which states as follows:
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 12} A "provisional remedy" includes "discovery of privileged matter." R.C. 2505.02(A)(3).
 {¶ 13} In its judgment entry filed November 13, 2003, the trial court stated the following:
 {¶ 14} "Counsel for Plaintiff is entitled to conduct further discovery on the issues as set forth in their Memorandum Contra to Defendant Samaritan's Motion to Quash, to wit, how, when and under what circumstances Defendant Samaritan and its counsel came to learn of Plaintiff's death, the cause of death and the underlying basis for disseminating such information and to further discover any documents in the possession of Samaritan pertaining to the foregoing issues."
 {¶ 15} The first impression of this order is that it is a provisional remedy and it satisfies R.C. 2505.02(B)(4). However, we find this matter is not appropriate for review with the present state of the record.
 {¶ 16} Appellee filed subpoenas to depose appellant's attorney, Robert A. Warner, and appellant's Risk Manager, Nancy Smith. Appellant claims appellee seeks "to learn factual information concerning Ms. Wise's death" and "to explore possible HIPAA violations," issues which are subject to attorney/client privilege. Appellant's Brief at 1. Currently, the complaint does not set forth any claims regarding HIPPA violations. In appellee's November 10, 2003 response to appellant's motion to quash, appellee states the reason for the subpoenas is to determine "how Attorney Warner obtained his information concerning the Plaintiff's death and whether such process gives rise to violations of privacy standards under the Federal Health Insurance Portability and Accountability Act (HIPAA), and thus new causes of action."
 {¶ 17} As both counsel acknowledge, Civ.R. 45(C)(3)(b) and (d) mandate that a trial court "shall" quash or modify a subpoena if it "[r]equires disclosure of privileged or otherwise protected matters" or "[s]ubjects a person to undue burden." Whether or not the matters sought by appellee would violate the attorney/client privilege is not sufficiently developed by the record in its present state.
 {¶ 18} In support of its position that the trial court's order is a final appealable order, appellant in its January 7, 2004 brief in opposition to appellee's motion to dismiss appeal cites the case of Walker v. Firelands Community Hospital, Erie App. No. E-03-009, 2003-Ohio-2908. In Walker, the subpoena filed was for the release of patient records. The case sub judice does not contain such obviously privileged issues. Answers given by Attorney Warner and Ms. Smith to questions posed may not disclose privileged matters. Therefore, we conclude that in order to properly address the issues raised by Civ.R. 45(C)(3), it is at a minimum necessary to ask the questions and for the privilege rule to be invoked. The trial court can then, at hearing, determine if in fact privileged matters may be disclosed.
 {¶ 19} The case is remanded to the trial court for commencement of the depositions and any other hearings as deemed necessary in pursuit of Civ.R. 45(C)(3). The appeal is dismissed.
By Farmer, J. Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is dismissed. Costs to appellant.