OPINION
{¶ 1} Appellant State of Ohio appeals the decision of the Fairfield County Court of Common Pleas, Domestic Relations Division, that denied various motions it filed in a pending divorce action between Appellee David South and Appellee Lori South. The following facts give rise to this appeal.
 {¶ 2} On October 1, 2003, Appellee Lori South filed a complaint for divorce from Appellee David South. Appellee David South filed an answer and counterclaim on November 7, 2003. The parties had one child together, a five-year-old son. Appellee Lori South also has a daughter (hereinafter referred to as "C.S."). Appellee David South is not the biological father of C.S.
 {¶ 3} Thereafter, on December 19, 2003, the Fairfield County Grand Jury indicted Appellee David South on two counts of rape and three counts of gross sexual imposition. It is alleged that Appellee David South committed these acts against C.S. when she was eight years old.
 {¶ 4} On February 13, 2004, Appellee David South filed a motion and judgment entry ordering the Fairfield County Children's Services Agency ("agency") to release all records regarding C.S. Appellee also filed a notice of deposition requiring the release of those records. On February 23, 2004, Appellant State of Ohio ("state") filed a motion to reconsider and requested the trial court to conduct an in camera review of the confidential records. The trial court overruled the state's motion to reconsider on March 3, 2004. Thereafter, the agency provided Appellee David South with its file.
 {¶ 5} Appellee David South deposed Appellee Lori South on February 18, 2004. Counsel for Appellee Lori South advised her not to answer any questions regarding the alleged sexual abuse of C.S. One day after her deposition, Appellee Lori South filed a motion to limit her deposition to matters not involving the allegations of sexual abuse against C.S.
 {¶ 6} In response, Appellee David South filed a motion to compel and request for sanctions. On March 18, 2004, the magistrate overruled Appellee Lori South's motion and granted Appellee David South's motion to compel. Subsequently, counsel for Appellee David South deposed Appellee Lori South regarding what C.S. told her about the alleged sexual abuse by Appellee David South.
 {¶ 7} On May 5, 2004, Appellee David South filed a notice of deposition and subpoena duces tecum for Gary Pierce, the Fairfield County detective that investigated the criminal matter. The subpoena requested that Detective Pierce produce witness statements, including that of the victim. On this same date, notices of deposition were also sent to other witnesses for the state.
 {¶ 8} In response, on May 28, 2004, the state filed a motion for protective order, in the criminal division. The judge, in the criminal division, conducted a phone conference on June 3, 2004. The judge indicated that he would defer to the domestic relations division. On this same day, the state filed, in the domestic relations division, a motion to intervene, motion for protective order, motion to terminate or limit depositions and motion to quash the subpoena. On June 4, 2004, the domestic relations division overruled all motions and denied a stay pending appeal. The domestic relations division ordered the noticed depositions to proceed as scheduled.
 {¶ 9} The state filed a notice of appeal and requested a stay of the scheduled depositions. On June 7, 2004, this Court filed a judgment entry granting the state's motion for stay and setting a briefing schedule for this matter. We also ordered the parties to address, in addition to the substantive issues on appeal, whether the judgment entry appealed from is a final appealable order. On August 10, 2004, this Court filed another judgment entry in which it assigned this case to the accelerated docket.[1] We also indicated this matter would be scheduled for oral argument if deemed necessary.
 {¶ 10} The parties have filed their respective briefs pursuant to the briefing schedule ordered by this Court. The state sets forth the following sole assignment of error for our consideration:
 {¶ 11} "I. The trial court abused its discretion in overruling appellant's motions for intervention, protective orders, terminating or limiting depositions, and quashing subpoenas."
 I {¶ 12} In its sole assignment of error, the state maintains the trial court abused its discretion when it denied its motion to intervene, motion for protective order, motion to terminate or limit depositions and motion to quash the subpoena.
 {¶ 13} Pursuant to this Court's previous judgment entries, we will first address whether the trial court's denial of these various motions constitutes a final appealable order.
"(A) Motion to Intervene
 {¶ 14} We will first address the state's motion to intervene. In support of its motion to intervene, the state maintains it is entitled to intervene, in this matter, because it has a substantial right in ensuring that the Rules of Criminal Procedure are followed in order to provide a fair trial. The state also contends it has a substantial right in ensuring that the victim's rights are preserved. Thus, the state argues that it seeks to intervene in this matter for the limited purpose of requesting protective orders for government witnesses and to request the trial court to quash the subpoenas for depositions.
 {¶ 15} The state further argues that Appellee David South is attempting to abuse the more liberal rules of civil discovery in order to obtain protected information, from government witnesses in the criminal action, in order to prepare his criminal defense. The state claims that once these depositions occur, it would foreclose appropriate relief, in the future, because Appellee David South would be able to use the information for preparation, in the criminal action, which would give him an unfair advantage not contemplated by the Rules of Criminal Procedure.
 {¶ 16} This Court has previously determined that a denial of a motion to intervene is a final appealable order. See Hendersonv. Luhring, Ashland App. No. 02-COA-017, 2002-Ohio-4208, at ¶ 12; Sabbato v. Hardy (July 23, 2001), Stark App. No. 2001CA00045, at 1. Therefore, we will address the merits of the state's argument concerning the denial of its motion to intervene.
 {¶ 17} Civ.R. 24 governs a party's right to intervene and provides as follows:
 {¶ 18} "(A) Intervention of right
 {¶ 19} "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 20} Pursuant to this rule, the following elements must be met before a party may intervene: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by existing parties; and (4) the motion to intervene must be timely. Fairview Gen. Hosp.v. Fletcher (1990), 69 Ohio App.3d 827, 831. Also, the right to intervene must be liberally construed. Blackburn v. Hamoudi
(1986), 29 Ohio App.3d 350, 353.
 {¶ 21} In reviewing a trial court's denial of a motion to intervene, we apply an abuse of discretion standard. JamestownVillage Condominium Owners Assn. v. Market Media Research, Inc.
(1994), 96 Ohio App.3d 678, 694. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 22} This Court has previously held that the State of Ohio has no authority to intervene in a divorce action. DeLong v.Stark Cty. Dept. Human Services (1986), 36 Ohio App.3d 103, syllabus.[2] In the DeLong case, the Stark County Department of Human Services appealed the trial court's decision that it did not have a right to intervene in divorce proceedings and file motions to increase child support. On appeal, we determined the state did not have specific statutory authority giving it a right to intervene. Id. at 104. We also noted that intervention is not an unqualified right. Id. at 105. Although the state's purpose for intervention in the case sub judice differs from that considered in DeLong, we reach the same conclusion.
 {¶ 23} As noted above, the first element that must be satisfied, in order to intervene in an action, is that the intervenor must claim an interest relating to the transaction that is the subject of the action. The subject of the action is a divorce proceeding. Clearly, the state has no interest, in the divorce proceeding, between Appellee David South and Appellee Lori South. The state's interest lies solely in the criminal action against Appellee David South. The state merely seeks to intervene, in the divorce action, in order to prevent disclosure of information to Appellee David South, which the state perceives will harm its criminal case.
 {¶ 24} Further, the state has not explained how its case would be harmed. Under Crim.R. 16, appellant is entitled to the discovery of this information. Therefore, the state is not so situated that if the deposition of Detective Pierce occurs, it will not be able to protect its interest. Because the state does not have an interest in the divorce action and cannot establish that its interest in the criminal action cannot be protected, we conclude the trial court did not abuse its discretion when it denied the state's motion to intervene.
B. Motion for Protective Order; Motion to Terminate or LimitDepositions; Motion to Quash the Subpoena
 {¶ 25} We now address the denial of the motion for protective order; motion to terminate or limit depositions and motion to quash the subpoena which the state claims resulted in final appealable orders. The Ohio Supreme Court has previously held that discovery orders are interlocutory and, as such, are neither final nor appealable. See Humphry v. Riverside Methodist Hosp.
(1986), 22 Ohio St.3d 94, overruled by State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420; Steckman, supra. However, in State v. Muncie, 91 Ohio St.3d 440, 2001-Ohio-93, the Ohio Supreme Court recommended that courts reanalyze its prior decisions regarding final appealable orders in light of the amendment to R.C. 2505.02(B)(4) in 1998. Id. at 445.
 {¶ 26} In support of its argument, the state cites R.C.2505.02(B)(2). This statute provides, in pertinent part:
 {¶ 27} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "* * * {¶ 28} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 29} The state maintains a divorce action is a special proceeding. See State ex rel. Papp v. James (1994),69 Ohio St.3d 373, 379; Lingenfelter v. Lingenfelter (Mar. 8, 2000), Stark App. No. 1999CA00241, at 1. The state also maintains a substantial right is affected because it has a right to ensure that the Criminal Rules of Procedure are followed thereby providing a fair trial. The state also claims it has a duty to protect and preserve the victim's rights.
 {¶ 30} We conclude the analysis of this issue is properly addressed under section (B)(4) of R.C. 2505.02, rather than section (B)(2). Recently, in Buffmyer v. Cavalier, Ashland App. No. 03COA067, 2004-Ohio-3303, we considered whether an order denying a motion to quash subpoenas was a final appealable order. In concluding that the denial of a motion to quash subpoenas was not a final appealable order, we applied section (B)(4) of R.C.2505.02. This statute provides as follows:
 {¶ 31} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "* * * {¶ 32} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 33} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 34} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 35} This portion of the statue sets forth a three-step analysis, which the Ohio Supreme Court summarized in Muncie.
The Court stated:
 {¶ 36} "* * * R.C. 2505.02(B)(4) now provides that an order is a `final order' if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding — a proceeding that the General Assembly calls a `provisional remedy,' (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." Muncie at 446.
 {¶ 37} Under the first prong of the three-part analysis, we must determine whether the trial court's denial of the state's motions concerning discovery was a provisional remedy. Section (A)(3) of R.C. 2505.02 defines a "provisional remedy" as "* * * a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
 {¶ 38} In Muncie, the Ohio Supreme Court explained that the phrase "including, but not limited to" contained in the definition of a "provisional remedy" is merely a non-exhaustive list of examples. Thus, the Muncie Court concluded an ancillary action is "* * * one that is attendant upon or aids another proceeding." Id. at 449, citing Bishop v. Dresser Industries
(1999), 134 Ohio App.3d 321, 324.
 {¶ 39} We conclude the motion for protective order, motion to terminate or limit depositions and motion to quash the subpoena are not attendant upon nor do they aid the main or principal proceeding (i.e. the divorce action.) Rather, the state seeks to limit discovery, in the divorce action, in order to assist its interests in the criminal case against Appellee David South. As such, we conclude the denial of these motions was not a provisional remedy.
 {¶ 40} Further, even if we determined that the denial of these motions was a provisional remedy, we still conclude the judgment entry appealed from pertaining to the discovery matters is not a final appealable order. There is no indication, in the record, that Appellee David South sought to discover privileged information. R.C. 2505.02(A)(3) defines privileged matter as a provisional remedy. We reached the same conclusion in Buffmyer.
 {¶ 41} The Buffmyer case involved a claim for medical malpractice. Plaintiff filed subpoenas to depose the defendants' attorney and a risk manager in order to determine the cause of the decedent's death. Id. at ¶ 2. The defendants filed a motion to quash the subpoenas claiming attorney/client privilege. Id. The trial court denied the defendants' motion. Id. In concluding that the denial of the motion to quash subpoenas was not a final appealable order, we explained:
 {¶ 42} "* * * Civ.R. 45(C)(3)(b) and (d) mandate that a trial court `shall' quash or modify a subpoena if it `[r]equires disclosure of privileged or otherwise protected matter' or `[s]ubjects a person to undue burden.' Whether or not the matters sought by appellee [plaintiff] would violate the attorney/client privilege is not sufficiently developed by the record in its present state.
 {¶ 43} "* * * Answers given by Attorney Warner and Ms. Smith to questions posed may not disclose privileged matters. Therefore, we conclude that in order to properly address the issues raised by Civ.R. 45(C)(3), it is at a minimum necessary to ask the questions and for the privilege rule to be invoked. The trial court can then, at hearing, determine if in fact privileged matters may be disclosed." Id. at ¶ 17- ¶ 18.
 {¶ 44} Similarly, in the case sub judice, the state does not make the allegation that the disclosure of information from Detective Pierce involves privileged matter. Whether the information sought by Appellee David South would pertain to undiscoverable evidence under Crim.R. 16 is not sufficiently developed by the record.
 {¶ 45} Accordingly, we conclude the denial of the motion for protective order, motion to terminate or limit depositions and motion to quash the subpoena is not a final appealable order. Therefore, this portion of the appeal pertaining to these motions is dismissed. This matter is remanded to the trial court for the commencement of the depositions previously cancelled by this Court. The stay previously imposed by this Court in its June 7, 2004 judgment entry is hereby lifted.
 {¶ 46} The state's sole assignment of error is affirmed in part and dismissed in part.
 {¶ 47} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is hereby affirmed in part and dismissed in part.
Wise, J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is affirmed in part and dismissed in part
Costs assessed to the State of Ohio.
[1] Loc.App.R. 6(B) provides that "[i]f the appeal is assigned to the accelerated calendar, oral arguments shall not be scheduled and the matter will be determined upon submission of all the briefs." Accordingly, since this matter was placed on the accelerated docket, oral arguments were not scheduled.
[2] The DeLong case involves two separate cases, from the Stark County Court of Common Pleas, Domestic Relations Division, that were consolidated for purposes of appeal.