OPINION
{¶ 1} Appellants Knox County Board of Revision and Knox County Auditor appeal from the December 10, 2004, Ohio Board of Tax Appeals Order which denied a motion to quash a subpoena issued to the Knox County Auditor. Appellee is RDSOR.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This is an appeal from the Ohio Board of Tax Appeals [hereinafter BTA] taken pursuant to R.C. 5717.04. The appeal is taken from an order of the BTA denying a motion to quash a subpoena issued by the BTA to Margaret Ann Ruhl, the Knox County Auditor. The subpoena was issued at the request of the attorney for the property owner, RDSOR.
 {¶ 3} This matter began when RDSOR Dennis filed a complaint with the Knox County Board of Revision, pursuant to R.C. 5715.19. In the complaint, RDSOR contested the value of its 12,520 square-foot building located in Mount Vernon, Ohio. After hearing the complaint, the Knox County Board of Revision reduced the true value of the property, but not to the extent that RDSOR had sought.
 {¶ 4} On November 7, 2003, RDSOR filed an appeal with the BTA, pursuant to R.C. 5717.01 et. seq. On October 25, 2004, RDSOR's attorney requested that the BTA issue subpoenas to Margaret Ann Ruhl, the County Auditor and to John D. Cleminshaw and John G. Cleminshaw, the Auditor's Chief Appraisers. Each subpoena stated that each individual was to bring with them "[a]ny and all documentation of how the appraised value was established including the method used; the factors considered; how the reproduction cost was established; how the physical depreciation number was established and how the functional depreciation number was established."
 {¶ 5} Upon receipt of the subpoena, the County Auditor filed a motion to quash the subpoena to the extent that it required her to travel to Columbus to appear at the BTA's hearing. The Cleminshaws did not contest their subpoenas. By Order filed on December 10, 2004, the BTA refused to quash the subpoena.
 {¶ 6} It is from the December 10, 2004, order of the BTA that appellants, the Knox County Auditor and Knox County Board of Revision appeal, raising the following assignment of error:
 {¶ 7} "THE OHIO BOARD OF TAX APPEALS ERRED IN REFUSING TO QUASH THE SUBPOENA ISSUED TO THE COUNTY AUDITOR BECAUSE THE PROPERTY OWNER FAILED TO SHOW SUBSTANTIAL NEED FOR THE TESTIMONY OF THE COUNTY AUDITOR."
 {¶ 8} We find that this court does not have jurisdiction to reach the merits of appellants' appeal. Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B) (2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 9} Revised Code 2505.02 states, in relevant part, as follows: "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 12} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 16} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 17} Courts, including this court, have consistently found that entries denying motions to quash subpoenas are provisional remedies and, therefore, not final, appealable orders unless the party seeking to quash the subpoena would not be afforded a meaningful or effective remedy through an appeal following final judgment. R.C. 2502.02(B)(4); E.g.,State v. South, Fairfield App. No. 04 CA 38, 2004-Ohio-5073; Buffmyer v.Cavalier, M.D., Ashland App. No. 03COA067, 2004-Ohio-3303; In Re TracyM., Huron App. No. H-04-028, 2004-Ohio-5756. These courts have reasoned that since discovery issues are provisional in nature and motions to quash are matters of discovery, motions to quash are provisional in nature. Therefore, courts have applied R.C. 2505.02(B)(4), concerning provisional remedies, to determine if a motion to quash is a final, appealable order.
 {¶ 18} We note that these proceedings were administrative in nature. However, the analysis concerning whether a motion to quash is a final appealable order is equally applicable in administrative proceedings as in court proceedings. Coates v. Ottawa County Board of Revision, Ottawa App. No. OT-01-041, 2002-Ohio-1508; Meijer Realty Co. v. Franklin Cty.Board of Revision (1995), 73 Ohio St.3d 1202, 651 N.E.2d 1298.
 {¶ 19} However, appellants contend that a BTA appeal is a special proceeding and that the BTA ruling on the motion to quash affects a substantial right. Therefore, they contend that the denial of the motion to quash is a final appealable order pursuant to R.C. 2505.02(B)(2). In support of that assertion, appellants cite to Coates v. Ottawa CountyBoard of Revision, Ottawa App. No. OT-01-041, 2002-Ohio-1508.
 {¶ 20} However, Coates does not support their contention that R.C.2505.02(B)(2) is applicable. In Coates, the property owner subpoenaed the county auditor to appear and give testimony at Coates' hearing before the BTA. The county auditor filed a motion to quash, arguing that his testimony was "legally irrelevant" and because "certain Ohio statutes `create a privilege which prevents the County Auditor from being dragged down to Columbus by a BTA subpoena.'" Id.
 {¶ 21} On appeal, the county auditor argued that the order denying the motion to quash was an order that affected a substantial right made in a special proceeding, pursuant to R.C. 2505.02(B)(2) or was a provisional remedy which was appealable pursuant to R.C. 2505.02(B)(4). The Coates
court concluded that the motion to quash was a provisional remedy, pursuant to R.C. 2505.02(B)(4). In so doing, the Coates Court did not address appellant's contention that the denial of the motion to quash affected a substantial right in a special proceeding.[1]
 {¶ 22} Recently, this court was faced with an argument that a motion to quash in a divorce proceeding was an order that affected a substantial right in a special proceeding. However, this court held that the issue was properly addressed as a provisional remedy issue, pursuant to R.C.2505.02(B)(4). Accordingly, we shall address this issue pursuant to R.C.2505.02(B)(4).
 {¶ 23} Pursuant to R.C. 2505.02(B)(4), the decision to deny the motion to quash was only a final appealable order if it determined the action with respect to the provisional remedy and if the appealing party would be unable to obtain a meaningful or effective remedy through an appeal following the conclusion of the entire case. In this case, appellants have not raised any issue or argument that would demonstrate that appellants could not obtain a meaningful or effective remedy through an appeal following the conclusion of the case. For example, appellants raise no argument that the matter sought is privileged, confidential or that they would be irreparably harmed as a result of the subpoena.[2] SeeState v. South, supra; Buffmyer v. Cavalier, M.D., supra.
 {¶ 24} Accordingly, this court concludes that the denial of the motion to quash is not a final, appealable order.
 {¶ 25} Accordingly, this appeal is dismissed.
Edwards, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is hereby dismissed. Costs assessed to appellants.
[1] Ultimately, the Coates court did conclude that the denial of the motion to quash was a final appealable order. However, it did so upon finding that the appellant had raised an issue of privilege. Issues concerning privilege are generally final and appealable pursuant to R.C.2505.02(A)(3) and (B)(4).
[2] We note that even if this court would address this matter pursuant to R.C. 2505.02(B)(2) we would find that the denial of the motion to quash was not a final appealable order. In order to be a final order in a special proceeding, the order must affect a substantial right. A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). In this case, appellants cited to no substantial right which was affected. Essentially, appellants contend that it would be a waste of the county auditor's time if forced to attend the hearing. Such an argument is not based upon a constitutional provision, statute, common law or rule of procedure. Accordingly, this court would find that this denial of the motion to quash was not an order in a special proceeding that affected a substantial right.