OPINION
{¶ 1} Plaintiff-appellant, Anita Flege, n.k.a. Bell, appeals the decision of the Butler County Common Pleas Court, Domestic Relations Division, on remand from a decision of this court, in a divorce action. She also appeals the trial court's decision to modify child support pursuant to the motion of defendant-appellee, Michael Flege. We affirm in part, and reverse and remand in part.
 {¶ 2} The parties were married in 1991, and two children were born issue of the marriage. They divorced in 2001. Mr. Flege is self-employed. A primary issue at the original divorce hearing was the determination of his income.
 {¶ 3} Mr. Flege was not forthcoming with his business records regarding his income and expenses. His year 2000 federal tax return indicated he had income of $133,567. However, he testified that he had incorporated the business in 2001, hired a good friend, David Kowal, at a salary of $38,000 per year, and had reduced his own salary to $72,000 per year.
 {¶ 4} The trial court found that, aside from providing his tax returns, some incomplete and unsigned, Mr. Flege had failed to present any evidence of his business expenses. The trial court also found Mr. Flege's testimony regarding his reduction in salary not credible. The trial court found "no sound business reason" for increasing his expenses and reducing his income. Consequently, the trial court determined Mr. Flege's child support obligation based on his 2001 gross receipts which totaled $148,490. The trial court imputed a yearly income to Mrs. Bell of $34,320, and included in the child support worksheet her health insurance expense of $4,186 per year and child care expense of $6,340 per year.
 {¶ 5} In determining Mr. Flege's child support obligation, the trial court utilized the child support worksheet found in R.C. 3113.215, which was in effect at the time of the final divorce hearings in January 2001. This statute was repealed effective March 22, 2001 and replaced by R.C. 3119.01, et seq. See Am.Sub.S.B. No. 180.
 {¶ 6} Mr. Flege appealed, arguing that the trial court erred in determining his income. He specifically argued that the trial court failed to consider his business expenses.
 {¶ 7} This court affirmed in part, finding that the trial court did not abuse its discretion by utilizing the corporation's gross receipts when determining Mr. Flege's salary.[1]
However, we reversed that portion of the trial court's decision finding that Mr. Flege failed to present any evidence of his business expenses. We found that the trial court should have considered his exhibit 7-G, a credit card statement of purported business expenses. This court also found that the trial court erred by not including in line 11 of the child support worksheet, a self-employment deduction of 5.6 percent. This court remanded the matter for the trial court with the following instructions:
 {¶ 8} "We reverse and remand with instructions for the court to consider appellant's [Mr. Flege's] exhibit 7-G, Driver's Edge Visa statement, in determining appellant's [Mr. Flege's] business expense deduction for his child support obligation. We also instruct the court to consider appellant's [Mr. Flege's] deduction as it pertains to line 11 on the Child Support Computation worksheet." Flege v. Flege, Butler App. No. CA2001-09-225, 2002-Ohio-6105, at ¶ 24.
 {¶ 9} On remand, the trial court conducted a hearing at which Mr. Flege was permitted to present additional evidence of his business expenses. In its decision on remand, the trial court found that Mr. Flege "presented evidence of his business expenses at this hearing which were somewhat different than the evidence submitted at the original trial." The trial court found that Mr. Flege had documented business expenses of $13,814, and included these expenses in the child support worksheet. The trial court made no specific finding related to Mr. Flege's exhibit 7-G.
 {¶ 10} When re-calculating his child support obligation, the trial court utilized the child support worksheet found in R.C.3119.02. The trial court included Mr. Flege's business expenses, and did not include any health insurance expense incurred by Mrs. Bell.
 {¶ 11} At the same hearing, the trial court considered Mr. Flege's post-decree motion to reduce child support. The trial court granted the motion, finding that a change of circumstances had occurred warranting the modification. The trial court found that in the year 2002 Mr. Flege's income was $72,085, and that it was "not an unreasonable decision for Mr. Flege to incorporate and to hire Mr. Kowal." The trial court found that the growth of Mr. Flege's business gave credence to his assertion that his decision to lower his own income was a sound business decision.
 {¶ 12} The trial court continued to impute income of $34,320 to Mrs. Bell. However, the trial court reduced this amount by $7,250 to reflect the child care expense she would incur if she were to return to work. The trial court did not allow any deduction for Mrs. Bell's health insurance expense. Mrs. Bell testified that she had remarried and had a child with her new husband The evidence adduced at the hearing indicated that her health insurance expense would remain the same whether only the youngest child was insured, or all three children were insured.
 {¶ 13} Mrs. Bell appeals, raising seven assignments of error alleging that the trial court erred both in its decision on remand and in granting the motion to modify child support.
 {¶ 14} Assignment of Error No. 1:
 {¶ 15} "The trial court erred when, on remand, it followed R.C. § 3119.04 when it recalculated child support[.]"
 {¶ 16} Mrs. Bell alleges that the trial court erred by not utilizing the provisions of the now repealed R.C. 3113.215 when recalculating Mr. Flege's child support obligation. Her assertion has merit.
 {¶ 17} At the time of the divorce hearing, R.C. 3113.215
governed the procedures to be followed when calculating a child support obligation. R.C. 3113.215 was repealed, effective March 22, 2001, and replaced by R.C. 3119.01, et seq. See Am.Sub.S.B. No. 180. This court affirmed the trial court's use of the older statute in its divorce decision. Having determined in the prior appeal that R.C. 3113.215 was the correct statute to apply, this mandate "is the law of the case" on the legal question involved for all subsequent proceedings in the case at the trial level.Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. Consequently, the trial court erred by applying R.C. 3119.01, et seq. when determining Mr. Flege's child support obligation to be included in the divorce decree.[2]
 {¶ 18} The trial court should have recalculated Mr. Flege's child support under R.C. 3113.215, which was the statute in effect at the time of the filing of the divorce petition and the divorce hearing. See Williams v. Williams (1992),80 Ohio App.3d 477, 482; Ford v. Ford, Medina App. No. 3222-M, 2002-Ohio-3498, fn. 2. Accordingly, Mrs. Bell's first assignment of error is sustained. We remand this case to the trial court for it to determine Mr. Flege's child support obligation utilizing the appropriate statute, R.C. 3113.215.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "The trial court erred when, on remand, it allowed Mr. Flege to produce new evidence of his business expenses[.]"
 {¶ 21} As noted above, this court remanded the matter to the trial court "to consider appellant's [Mr. Flege's] exhibit 7-G, Driver's Edge Visa Statement, in determining appellant's [Mr. Flege's] business expense deduction for his child support obligation." However, on remand, the trial court characterized this court's decision as instructing it "to consider Mr. Flege's business expenses in determining his child support obligation." Consequently it held a hearing at which Mr. Flege was permitted to present additional evidence of his business expenses that he failed to present at the divorce hearing.
 {¶ 22} Trial courts must follow the mandates of reviewing courts, and are "without authority to extend or vary the mandate given." Nolan, 11 Ohio St.3d at 4, citing Briggs v.Pennsylvania RR. Co. (1948), 334 U.S. 304, 306, 68 S.Ct. 1039. On remand, the trial court was instructed to correct only the specific error this court noted. That error was in the consideration of a single exhibit; correcting it did not necessitate taking new evidence regarding Mr. Flege's expenses. Taking additional evidence on this issue was beyond the scope of this court's remand See Nolan, 11 Ohio St.3d at 4; WescoMachine Co. v. Brannon Design Build Constr. Co. (July 15, 1987), Summit App. No. 12964.
 {¶ 23} Accordingly, Mrs. Bell's second assignment of error is sustained. We remand this case to the trial court for it to consider only Mr. Flege's exhibit 7-G, Driver's Edge Visa Statement, when determining whether he incurred business expenses in 2001.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "The trial court erred when, on remand, it failed to include the daycare expenses and costs for medical insurance that appeared in the decree of divorce in the child support calculation[.]"
 {¶ 26} The child support worksheet filed with the final decree of divorce and shared parenting plan includes Mrs. Bell's day care expense of $6,340 and health insurance cost of $4,186. The trial court's determination of these amounts was not challenged on appeal.
 {¶ 27} When calculating Mr. Flege's child support obligation on remand, the trial court included no day care expense on the child support worksheet, and attributed a lowered health insurance cost of $4,160 to Mrs. Bell. The trial court went beyond the scope of the remand when it altered these figures. SeeNolan, 11 Ohio St.3d at 4. Mrs. Bell's third assignment of error is sustained. We remand this case to the trial court to recalculate Mr. Flege's child support obligation utilizing the day care and health care expenses as determined by the trial court in it's original divorce decision.
 {¶ 28} Assignment of Error No. 4:
 {¶ 29} "The trial court erred in ruling on Mr. Flege's motion to modify support when it found that the circumstances of Mr. Flege changed since the date of the decree and determined that Mr. Flege's income was $76,000.00[.]"
 {¶ 30} The trial court originally found Mr. Flege's income to be $148,490 for the purpose of child support. Following a hearing on Mr. Flege's motion to modify the child support, the trial court found his income to be $76,000. Mrs. Bell maintains that the trial court abused its discretion in lowering Mr. Flege's income. She argues that the original finding by the trial court of Mr. Flege's income is res judicata and therefore the trial court erred when it found that a change of circumstances had occurred where it used "the same facts presented at the property trial."
 {¶ 31} We begin with the premise that a trial court's decision on a motion to modify child support will not be reversed absent an abuse of discretion. Foster v. Foster, Butler App. No. CA2001-12-278, 2002-Ohio-6390, citing Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 32} Under res judicata, a valid final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the occurrence that was the subject matter of the previous action. Kelm v. Kelm, 92 Ohio St.3d 223, 227,2001-Ohio-168. However, the domestic relations court retains continuing jurisdiction over its orders concerning the custody, care, and support of a child. Peters v. Peters (1968),14 Ohio St.2d 268, syllabus. Therefore, as a general rule, a motion to invoke the continuing jurisdiction of a domestic relations court regarding support matters is not barred by res judicata. In reKelly (Dec. 15, 2000), Champaign App. No. 2000-CA-14 citing toLeffel v. Leffel (Oct. 24, 1997), Clark App. No. 97-CA-20. But, see, Petralia v. Petralia, Lake App. No. 2002-L-047, 2003-Ohio-3867 (father's motion to modify child support was barred by res judicata where he had previously moved to modify his support obligation on the same basis and had presented no new evidence on his new motion.)
 {¶ 33} R.C. 3119.793 grants courts the authority to modify child support if there is a substantial change in circumstances. A substantial change may be shown where, after recalculation, there is a more than ten percent difference in the amount of child support that the obligor is currently required to pay. R.C.3119.79(A). As well, if the trial court finds that there is a substantial change in circumstances not contemplated at the time of the original child support order, it may also modify the order. 3119.79(C).
 {¶ 34} In the present case, the trial court found that "the circumstances of both parties had changed since the date of the Decree." The trial court originally determined that Mr. Flege's incorporation of his business in January 2001, and subsequent hiring of an employee, was not a "sound business reason" for lowering his salary to $72,000. The trial court did rehear some of this evidence during Mr. Flege's subsequent motion to modify; however, new evidence was presented of his corporation's earnings in 2002, after the filing of the divorce decree.
 {¶ 35} Mr. Flege's 2002 earning information showed that since the hiring of an employee, the corporation had increased its profits by $10,000, had retained earnings of $14,609 and enabled him to contribute $3,000 to an IRA. Therefore, the trial court found that it was not unreasonable for Mr. Flege to hire an employee, causing a reduction in his income. Pursuant to R.C.3119.79, the trial court calculated Mr. Flege's child support obligation using his 2002 income, which revealed a greater than ten percent difference than that calculated using his income in 2001, thus warranting a modification of his child support obligation.
 {¶ 36} Moreover, the trial court found that Mrs. Bell also had a change of circumstances. Mrs. Bell was no longer employed, no longer had day care expenses, and had remarried and had a child with her new husband
 {¶ 37} Upon reviewing the record, we find there is evidence supporting the trial court's findings. We cannot say that the trial court's decision is so unreasonable, arbitrary or unconscionable as to amount to an abuse of discretion. Mrs. Bell's fourth assignment of error is overruled.
 {¶ 38} Assignment of Error No. 5:
 {¶ 39} "The trial court erred in ruling on mr. flege's motion to modify child support when it imputed income to Ms. Flege[.]"
 {¶ 40} Mrs. Bell became unemployed in June 2002. She asserts that the trial court abused its discretion in imputing income to her of $34,320, the amount she made before quitting her job.
 {¶ 41} Whether a parent is voluntarily unemployed is a question of fact for the trial court. Rock v. Cabral (1993),67 Ohio St.3d 108, 112. Absent an abuse of discretion, that determination will not be disturbed on appeal. Id.
 {¶ 42} R.C. 3119.01(C)(11) provides the criteria for the trial court to use to impute income to a parent that it has found voluntarily unemployed or underemployed. When imputing income, the trial court determines what the parent would have earned if fully employed. R.C. 3119.01(C)(11)(a). The trial court must consider the parent's: prior employment experience, education, disabilities, special skills and training and the increased earning capacity because of experience. Id. It must also consider the availability of employment in the geographic area where the parent resides, the prevailing wage and salary levels in that area, evidence that the parent has the ability to earn the imputed income, the age and special needs of the children, and any other relevant factor. Id.
 {¶ 43} At the time of the divorce decree, Mrs. Bell was working for Bottom Line Systems, Inc. for approximately $34,320. In that position, she reviewed payments from insurance companies to hospitals to ensure that the payments were for the correct amount pursuant to the hospital's contract with the insurance company. She testified that she quit her job with Bottom Line in June 2002, a month before she had her third child. She asserts that she signed an 18-month, no-compete contract with Bottom Line.
 {¶ 44} Mrs. Bell also stated that she has done "very little" in attempting to obtain employment and that she has not developed a resume. She further testified that she did attempt to obtain employment from Bottom Line, but no positions are available. Mrs. Bell has a Bachelor of Arts degree in Communications. Her past employment history includes working in data entry for medical claims for Tri-Health.
 {¶ 45} Mrs. Bell maintains that, because there are no positions currently available and Mr. Flege has not presented evidence of the prevailing wage levels, the trial court abused its discretion in finding her voluntarily unemployed and imputing an income of $34,320 to her.
 {¶ 46} Although the trial court imputed $34,320 in income to Mrs. Bell, it also decreased that amount by $7,230, the amount she testified she would need for child care expenses if she were working. Therefore, her imputed income for the purpose of child support calculation was found to be $27,070 by the trial court. Under the circumstances in this case, we see no abuse of discretion in the trial court's determination of Mrs. Bell's income for the purpose of calculating child support. Mrs. Bell's fifth assignment of error is overruled.
 {¶ 47} Assignment of Error No. 6:
 {¶ 48} "The trial court erred in ruling on mr. flege's motion to modify child support when it failed to include imputed child care expenses to Ms. Flege on the child support worksheet[.]"
 {¶ 49} Mrs. Bell maintains that the trial court abused its discretion in not placing the imputed child care expenses on the line designated for them on the child support worksheet.
 {¶ 50} We review issues concerning child support under an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 144. In its decision, the trial court stated "The Court is imputing income to Mrs. Flege in that [$34,320] amount. However, the Court is also reducing that amount by Seven thousand, two hundred and fifty dollars ($7,250), the amount she would have to pay in child care in the event she became employed full time."
 {¶ 51} Mrs. Bell is not employed and so is currently incurring no child care expenses. The trial court did account for the imputed expenses in its determination of Mrs. Bell's imputed income. Accordingly, we find no abuse of discretion. Mrs. Bell's sixth assignment of error is overruled.
 {¶ 52} Assignment of Error No. 7:
 {¶ 53} "The trial court erred in ruling on Mr. Flege's motion to modify child support when it failed to include in the child support worksheet the amount paid by Ms. Flege to provide health insurance coverage for the parties' minor children[.]"
 {¶ 54} We review child support issues for an abuse of discretion. Booth, 44 Ohio St.3d at 144. In the instant case, Mrs. Bell testified that she pays $312.18 a month and $74.84 a month for health and dental insurance for the children respectively. She further testified that the policies are family policies.
 {¶ 55} The family policies cover the child she has with her new husband She testified that the amount does not increase per the number of children covered by policy, but remains static. Therefore, she would be paying $312.18 a month for health insurance and $74.84 a month for dental insurance whether or not her children with Mr. Flege were included on the policy. As such, she is not incurring any additional insurance costs by adding her two children with Mr. Flege to the policy. Accordingly, the trial court did not abuse its discretion by not including the amount incurred by Mrs. Bell for health and dental insurance costs on the child support worksheet. Mrs. Bell's seventh assignment of error is overruled.
 {¶ 56} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Powell, P.J., and Valen, J., concur.
1. Flege v. Flege, Butler App. No. CA2001-09-225, 2002-Ohio-6105.
[1] We note that we are not applying an abuse of discretion standard in determining whether the trial court followed this court's order on remand The Ohio Supreme Court did not apply the abuse of discretion standard in Nolan and we choose to follow their guidance in this matter. Nolan v. Nolan (1984),11 Ohio St.3d 1; but, see, Ullom v. Ullom (Dec. 12, 2003), Columbiana App. No. 2002-CO-46. Moreover, this court has previously discussed the Nolan issue without using the abuse of discretion standard. See Dennis v. Dennis (Sept. 8, 1992), Butler App. No. CA91-12-216.
[2] The trial court properly reviewed Mr. Flege's motion to modify child support pursuant to R.C. 3119.01, et seq., as that statute was in effect at the time of the hearing on his motion.Curry v. Curry, Athens App. No. 01CA10, 2001-Ohio-2601.