JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} The City of Westlake appeals from an order of the Rocky River Municipal Court dismissing the charge against appellee, Edward Patrick, Jr., of violating a protection order. The City asserts that a reasonable jury could find appellee violated the protection order because the order was facially valid when the violation occurred, even though the order was later determined to be invalid.
 {¶ 2} On January 24, 2004, a complaint was filed in the Rocky River Municipal Court alleging that appellee committed a first degree misdemeanor in violation of R.C. 2919.27 when he recklessly violated the terms of a protection order issued pursuant to R.C. 2903.214. Appellee moved the court to dismiss the charge. The court granted that motion on September 21, 2004, concluding that the prosecution constituted double jeopardy because appellee had already been punished by a contempt finding in the civil proceedings giving rise to the protection order. This court reversed that decision on appeal, finding that the contempt citation was not punitive. Westlake v. Patrick, Cuyahoga App. No. 85581,2005-Ohio-4419.
 {¶ 3} On remand, appellee renewed his motion to dismiss. In his renewed motion, appellee advised the court that, on appeal in the civil case in which the protection order was issued, this court had concluded that appellee should not have been found in contempt because the hearing on the protection order was not conducted or concluded in a timely manner. Berry v. Patrick, Cuyahoga App. No. 85255, 2005-Ohio-3708. Appellee urged that this ruling was res judicata, collateral *Page 3 
estoppel, and the law of the case, and required that the court dismiss this case as well.
 {¶ 4} The municipal court granted appellee's motion. The court held that res judicata and collateral estoppel did not apply because the parties in the two cases were not identical or in privity with one another. However, the court determined that the protection order appellee was alleged to have violated was invalid, so the state could not prove that he violated it.
 {¶ 5} In this appeal, the city urges that the protection order was valid at the time appellee was alleged to have violated it, and even if it was overturned later, appellee was obligated to comply with it. Therefore, the city claims, appellee was subject to prosecution for violating the order. We agree.
 {¶ 6} "It is beyond question that obedience to judicial orders is an important public policy. An injunction issued by a court acting within its jurisdiction must be obeyed until the injunction is vacated or withdrawn. Walker v. City of Birmingham, 388 U.S. 307, 313-314 (1967);United States v. Mine Workers, 330 U.S. 258, 293-294 (1947); Howat v.Kansas, 258 U.S. 181, 189-190 (1922)." W.R. Grace Co. v. Local Union759 (1983), 461 U.S. 757, 766. There is no question that the court had jurisdiction to issue the ex parte temporary protection order. That order was not void on its face. Therefore, the appellee was required to comply with the order, and may be criminally punished for violating it. *Page 4 
 {¶ 7} There is no inconsistency in our determination that appellee may be punished criminally even though the civil sanction[1] for the same violation was reversed. A civil sanction is remedial in nature. "The right to remedial relief falls with an injunction which events prove was erroneously issued." United States v. United Mine Workers,330 U.S. at 295. On the other hand, criminal punishment is intended "to vindicate the court's authority which has been equally flouted whether or not the command was right." Salvage Process Corp. v. Acme Tank Cleaning ProcessCorp. (2nd Cir. 1936), 86 F.2d 727; also see Garrison v.Cassens Transp. Co. (6th Cir. 2003), 334 F.3d 528, 543;In re White (1978), 60 Ohio App.2d 62. Therefore, a party may be criminally punished for violating an order even though the order is determined to be invalid after the violation has occurred. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal. *Page 5 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that appellant recover from appellee costs herein taxed.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] In the prior appeal in this matter, this court determined that the prosecution here did not implicate double jeopardy because the award of attorney's fees upon a finding of contempt in the civil case was a civil sanction, not a punitive (criminal) sanction. (The court in the civil case had not imposed a fine in any journalized entry, so we did not need to address the question whether a fine would constitute a criminal penalty.) *Page 1